UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Kforce, Inc.,

            Plaintiff,

v.

ThomasRiley Strategies, LLC,

            Defendant.

Civil Action No. 1:18cv451 (CMH/JFA)

## COMPLAINT

1. Plaintiff Kforce, Inc. ("Kforce"), by and through its undersigned attorneys, and for its Complaint against Defendant ThomasRiley Strategies, LLC ("TRS")[1], hereby alleges as follows:

## BACKGROUND FACTS

2. Kforce is a professional staffing firm that provides services in the areas of technology, finance, and accounting. Since 1962, Kforce has been in the business of professional staffing and now annually engages approximately 36,000 professionals through its network of over 60 offices and two national recruiting centers. One of those offices is located in Reston, Virginia and houses Kforce's Federal Staffing Division, which focuses on providing

---

[1] Although the contract between the parties lists ThomasRiley Strategies, LLC as Thomas Riley Strategies, LLC, Thomas Riley Strategies, LLC—formed January 28, 2011—was forfeited as a Maryland limited liability company and ThomasRiley Strategies, LLC was formed on May 9, 2014. On information and belief, ThomasRiley Strategies, LLC, the named defendant to this Complaint, is the successor in interest to the prior named entity Thomas Riley Strategies, LLC.

professional staffing services to the Federal Government through Government prime and subcontractors.

3. According to TRS's website, https://thomasrileystrategiesllc.net/, TRS is a Service Disabled Veteran Owned Small Business providing consulting and legislative affairs services. Since 2014, TRS has been in the business of consulting and legislative affairs, operating primarily out of its Washington, DC office.

4. In 2017, Kforce and TRS began negotiating what would become the Federal Client Services Agreement FCSA-17-Thomas Riley Strategies LLC-030717 (the "Agreement"). A copy of the Agreement is attached as Exhibit A to the Declaration of Mark H. Churchill, submitted herewith ("Churchill Decl.").

5. Under the Agreement, "KFORCE shall provide the services of the KFORCE Consultant(s) to [TRS]." Agreement ¶ 1.1.

6. TRS "shall authorize specific assignments for the KFORCE Consultant(s) by Placing a Client Services Work Order." *Id.* TRS "shall [then] review and approve Consultant time sheets for each KFORCE Consultant promptly at the end of each week." *Id.* ¶ 1.2. Unless TRS refuses to accept the work by so "not[ing] on the time sheet for the relevant week with a written explanation of the reasons that the work was not acceptable," TRS, under the terms of the Agreement, shall be deemed to have accepted the work. *Id.*

7. Under the Agreement, "KFORCE shall submit invoices detailing charges to the Client," and TRS "shall pay to KFORCE the total amount set forth on each invoice within thirty (30) days of the invoice date (the 'Due Date')." *Id.* ¶ 1.4. The Agreement further provides that TRS "shall pay interest on any amount not paid to KFORCE by the Due Date." *Id.*

#56509163_v1

8. Kforce fulfilled all of its obligations under the Agreement, including its "Flexible Staffing Services" obligations to "provide the services of the KFORCE Consultants(s) to [TRS]", *id.* ¶ 1.1, and to "submit invoices detailing charges to [TRS]." *Id.* ¶ 1.4.

9. Although TRS "warrant[ed] that it is able and willing to pay for the services of KFORCE Consultant(s) providing services under this Agreement," TRS breached its payment obligations.

10. Kforce sent TRS numerous invoices for work that TRS accepted but inexplicably failed to pay.

11. TRS has also failed to pay any interest on its overdue invoices.

12. These unpaid invoice amounts and unpaid interest are due and owing from TRS to Kforce.

13. Kforce has engaged in extensive written communications with TRS in order to collect the amounts due and owing under the Agreement. Neither in its communications with TRS aimed at collecting the amounts due and owning, nor on the unpaid time sheets themselves has TRS ever questioned the work performed by Kforce's Consultants; TRS simply refuses to pay.

14. TRS began failing to fulfill its payment obligations under the Agreement in May of 2017, and has yet to make good on its debts. The total amount due and owing on the invoices, exclusive of interest, as of the date of this Complaint, is $1,400,879.18.

15. Kforce brings this action to recover for the damages caused by TRS's breach of its payment obligations under the Agreement.

#56509163_v1

## PARTIES, JURISDICTION, AND VENUE

16. Plaintiff Kforce is a corporation organized under the laws of the State of Florida with its principal place of business in Tampa, Florida. Plaintiff regularly conducts business in the State of Virginia through its Federal Staffing Division located at 10790 Parkridge Blvd., Suite 410, Reston, VA 20191.

17. Defendant TRS is a limited liability company organized under the laws of the State of Maryland with its principal place of business in Washington, DC. Defendant conducts business in the Commonwealth of Virginia, including with Kforce's Federal Staffing Division.

18. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different States, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

19. This Court has personal jurisdiction over TRS under Virginia law. Personal jurisdiction exists as to TRS because this action arises from TRS "[t]ransacting . . . business in this Commonwealth." Va. Code Ann. § 8.01-328.1(A)(1).

20. TRS purposefully established contacts in Virginia in order to transact business therein. First, the contractual Agreement giving rise to this action against TRS was negotiated in Virginia. Second, prior to executing the Agreement, the parties engaged in extensive telephonic and written communications always involving at least one party in Virginia. Third, significant portions of Kforce's obligations under the Agreement were largely performed in Virginia. For example, Kforce's obligation to "provide the services of KFORCE Consultant(s) to [TRS]" — essentially the obligation to recruit and match consultants to TRS's needs — was performed exclusively by Kforce's Federal Staffing Division located in Reston, Virginia. Agreement ¶ 1.1 Throughout the contract negotiations, Kforce explained to TRS that Kforce's recruiting and

#56509163_v1

matching obligations would be performed by staff at its Reston, Virginia office. Because the Agreement was negotiated in Virginia, the parties engaged in extensive telephonic and written communications in Virginia, and TRS knew that Kforce would, and Kforce eventually did, largely perform its contractual obligations in Virginia, the exercise of personal jurisdiction over TRS is appropriate under the Virginia long-arm statute.

21. TRS's purposeful act of negotiating the Agreement in Virginia led to contractual obligations which, when breached by TRS, gave rise to this breach of contract action against TRS. TRS breached its obligation to "pay to KFORCE the total amount set forth on each invoice within thirty (30) days of the invoice date (the "Due Date")." Agreement ¶ 1.4. TRS also breached its obligation to "pay interest on any amount not paid to KFORCE by the Due Date." *Id.* This action is based on TRS's repeated failures to fulfill its Paragraph 1.4 obligations to timely pay Kforce's invoices and to pay interest on any overdue invoices.

22. TRS engaged in significant activities within Virginia and created continuing obligations between itself and Kforce. TRS negotiated the Agreement by, on numerous occasions, calling into Virginia and, on numerous occasions, sending into Virginia written communiques. And, through the Agreement, TRS created both Kforce's continuing obligation to recruit and match consultants to TRS's needs and TRS's continuing obligation to timely pay for the work performed by those consultants.

23. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2). Under 28 U.S.C. § 1391(a)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The events leading to the formation of the contract at issue in this case took place primarily in Reston, VA, which is within the Eastern District of Virginia.

#56509163_v1

## COUNT ONE
### Breach of Contract

24. Kforce incorporates the preceding allegations of this Complaint as if fully set forth herein.

25. The Agreement is a valid, enforceable contract binding on TRS, and as a party to that contract, Kforce is entitled to sue for its breach.

26. Kforce has performed all of its obligations under the Agreement.

27. TRS has violated and will continue to violate the Agreement by (1) failing to "pay to KFORCE the total amount set forth on each invoice within thirty (30) days of the invoice date (the "Due Date")" and (2) failing to "pay interest on any amount not paid to KFORCE by the Due Date." Agreement ¶ 1.4. Since May of 2017, TRS has failed to meet its obligations to timely pay all of its invoices and to pay interest on any overdue invoices As of the date of this Complaint, the total amount of unpaid invoices is $1,400,879.18.

28. As a direct and proximate result of TRS's breaches, Kforce has suffered, and will continue to suffer damages. Interest on TRS's unpaid invoices continues to accrue. Moreover, as a direct and proximate result of TRS's breaches, Kforce has already suffered and will continue to suffer additional damages, which continue to accrue in the form of attorneys' fees and costs related to this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Kforce prays for relief as follows:

1. For judgment against TRS in the amount of $1,400,879.18 along with any interest that, under the Agreement, accrues on TRS's overdue invoices until the date on which the Court enters judgment against TRS;

2. For such further relief as the Court deems just and equitable.

#56509163_v1

Dated: April 18, 2018

_____/s/_____
Mark H. Churchill (VSB No. 42663)
Attorney for Plaintiff Kforce, Inc.
Holland & Knight LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102
Telephone: 703.720.8600
Facsimile: 703.720.8610
Email: Mark.Churchill@hklaw.com